UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ERICK ANTHONY SANTOS, #3717228,

    Petitioner,

v.                                                   ACTION NO. 2:23cv373

COMMONWEALTH OF VIRGINIA, et al.,

    Respondents.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Erick Anthony Santos' ("Santos") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and the motion to dismiss filed by respondent, the Commonwealth of Virginia ("respondent"). ECF No. 1, 16. This matter was referred to the undersigned. ECF No. 3. For the reasons discussed below, the undersigned **RECOMMENDS** that respondent's motion to dismiss, ECF No. 16, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITHOUT PREJUDICE**. The undersigned further **RECOMMENDS** that Santos' motion for declaratory judgment, ECF No. 10, and request for entry of default, ECF No. 19, be **DENIED**.

### I.     STATEMENT OF THE CASE

#### A.     Maryland Charges and Convictions

Santos previously faced criminal charges in both Charles County and Prince George's County, Maryland. In Charles County Circuit Court, a grand jury indicted Santos on June 25, 2021, *State v. Erick Anthony Santos*, No. C-08-CR-21-000287, and charged him with theft between

$25,000 and $100,000, forgery, and issuing a false document. ECF No. 6, at 1; ECF No. 22-1, at 10. The circuit court issued a bench warrant for Santos' arrest, which was served on Santos in early September 2021.[1] ECF No. 22-1, at 14, 17. After a trial on April 7, 2022, a jury convicted Santos on all counts and the court sentenced him on May 26, 2022, to 8 years of incarceration on count 1, and concurrent 8-year jail terms on counts 2 and 3. ECF No. 6, at 1; ECF No. 22-1, at 12–13. As of May 16, 2023, Santos' projected release date on these sentences was May 29, 2029. ECF No. 1, at 25; ECF No. 6, at 6.

On December 8, 2020, Santos was charged in the Prince George's District Court with theft between $25,000 and $100,000. *State v. Erick Anthony Santos*, No. 5E00696729, ECF No. 22-1, at 46, 48. This charge remained pending after Santos' convictions and sentencing in Charles County Circuit Court. After being set for trial on various dates from 2022 through 2024, ECF No. 22-1, at 47, the Prince George's County charge was recently *nolle prossed* on June 28, 2024. *State v. Erick Anthony Santos*, No. 5E00696729 (June 28, 2024).

## B.  Pending Virginia Charges

On July 26, 2021, a magistrate of the General District Court for Henrico County issued four arrest warrants for Santos on charges of stealing a motor vehicle valued at $1,000 or more, conspiracy to steal the same, forgery of a check, and uttering and attempting to employ a forged check as a genuine instrument. ECF No. 1, at 20–23. On September 3, 2021, the Commonwealth Attorney's office filed a request for Santos' extradition to Virginia with the Charles County

---

[1] Santos advises that he was arrested in Pennsylvania on May 29, 2021, and following a lengthy extradition, arrived in Charles County on September 2, 2021. ECF No. 23, at 1.

2

Detention Center in Maryland. ECF No. 22-1, at 2. The prosecutor also asked that a detainer be filed based on the four arrest warrants attached to the extradition request.[2] *Id.* at 2–6.

On May 16, 2022, a Henrico County grand jury indicted Santos on charges of uttering a forged check, forgery of a check, conspiracy to commit grand larceny, and grand larceny/auto theft. *Id.* at 8; *Commonwealth v. Erick Anthony Santos*, No. CR22000765–68. On May 20, 2022, Judge John Marshall of the Henrico County Circuit Court issued a capias for Santos' arrest. ECF No. 22-1, at 8. Santos remains incarcerated in Maryland and has yet to appear before the Henrico County Circuit Court.

## C. Santos' Request To Be Tried in Virginia

Santos asserts that, on September 3, 2021, while incarcerated at the Charles County Detention Center, he learned of the "detainer" requested by the Henrico County Commonwealth's Attorney. ECF No. 1, at 2; ECF No. 22-1, at 2. Santos' filing indicates that on October 5, 2022, Robert Dean, Warden of the Jessup Correctional Institution in Maryland, notified Santos in writing about the untried charges in Henrico County and that an out-of-state warrant had been "placed" against him on September 30, 2021. ECF No. 6, at 2–3 (using document styled as "Agreement on Detainers: Form 1," with a sub-heading titled "Notice of Untried Indictment, Information, or Complaint and of Right to Request Disposition").[3] This document also informed Santos that, by

---

[2] "A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." *Carchman v. Nash*, 473 U.S. 716, 719 (1985).

[3] As discussed below, two of the four claims in Santos' petition assert a violation of speedy trial rights pursuant to the Interstate Agreement on Detainers ("IAD"). The IAD is a compact to which the United States and multiple states, including Maryland and Virginia, are parties. *See* 18 U.S.C. App. 2, § 2; Md. Code, Corr. Servs., §§ 8-401 to 8-407; Va. Code §§ 53.1-210 to 53.1-215; *see, e.g., Fex v. Michigan*, 507 U.S. 43, 44–45 (1993). This compact "is designed 'to encourage the expeditious and orderly disposition of . . . charges'" and "prescribes procedures by which a member State may obtain for trial a prisoner incarcerated in another member jurisdiction and by which the prisoner may demand the speedy disposition of certain charges pending against him in

3

giving notice to Warden Dean and pursuant to the "Agreement on Detainers," he could request that prosecuting officials and the appropriate court in Henrico County be notified of his desire for a final disposition of any pending charges. *Id.*[4]

As part of the same set of documents, Santos also includes a document styled "Agreement on Detainers: Form II," with a sub-heading titled "Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictments, Informations, or Complaints." *Id.* at 4. This form indicates that inmate Santos desires that the form "operate as a request for final disposition of all untried indictments, informations, or complaints on the basis of which detainers have been lodged against [him] from [Virginia]."[5] *Id.* at 5 (noting also that Santos waives extradition to face such charges and serve any sentence). The form identifies Santos' attorney as Erick Javier Santos Bey.[6] *Id.*

The same document set includes a document styled "Agreement on Detainers: Form III," with a sub-heading titled "Certificate of Inmate Status," dated October 5, 2022, listing "Mr. Thatch

---

another jurisdiction." *United States v. Mauro*, 436 U.S. 340, 343 (1978) (citation omitted).

[4] At the bottom of page three of Santos' filing, on Form 1 there is a printed notation "**Received**," beneath which is a handwritten date of "11/1/2022," located to the left of the typed name "Robert Dean, Warden." ECF No. 6, at 3. Beneath this line, the inmate's name ("Erick Santos") and number ("487-960") have been typed. *Id.* It is unclear whether these entries relate to the receipt of something by Warden Dean or by inmate Santos. And the date noted (November 1, 2022) may not align with the other dates noted on these IAD forms supplied by Santos. *See id.* at 3 (October 5, 2022), 5 (September 19, 2022), 6 (October 5, 2022), 7 (October 5, 2022).

[5] It is not apparent why the date on this document (September 19, 2022) precedes the date (October 5, 2022) that Warden Dean supplied notice to Santos of his right to request a final disposition of the charges pending in Henrico County. ECF No. 6, at 3, 5.

[6] In another document before the Court, Santos identifies himself as "Erick Javier Santos Bey" and states that he is a "Moorish American National" and that a "detainer was lodged against [his] (DBA) doing business as name ERICK ANTHONY SANTOS." ECF No. 22-1, at 63.

CCMST" as the "Custodial Authority," and purports to be signed by Warden Dean.[7] *Id.* at 6–7. The document lists, among other things, information about Santos' "term of commitment" (8 years) in Maryland, his remaining time to serve, earned good time credits, eligibility date for parole, the "[m]aximum expiration date under the present sentence" (May 29, 2029), and notes the pending detainer on file for Henrico County. *Id.* at 6. The case numbers noted on Form III associated with the detainer ("87gm210019502-5"), *id.*, correspond to the "offense tracking number[s]" listed on the four arrests warrants issued in Henrico County on July 26, 2021, ECF No. 22-1, at 3–6.

Finally, the document set includes a document styled "Agreement on Detainers: Form IV," with a sub-heading titled "Offer to Deliver Temporary Custody," addressed to Shannon Taylor, "State's Attorney," at the Commonwealth Attorney's Office in Henrico County.[8] ECF No. 6, at 7–8. This document was purportedly signed by Warden Dean and is dated October 5, 2022. *Id.*

Some of the foregoing IAD forms contain handwritten sets of numbers that appear to refer to items sent by certified mail, return receipt requested, via the United States Postal Service. *See, e.g.*, *id.* at 2.[9] Although Santos' filings with the Court include various certified mail and return

---

[7] Santos identifies Mr. Thatch as his case manager, following his post-sentencing arrival at the Jessup Correctional Institution on June 22, 2022. ECF No. 23, at 2.

[8] Shannon Taylor serves as the Commonwealth's Attorney for Henrico County. *See* Commonwealth's Attorney's Office - Henrico County, Virginia.

[9] This may be consistent with language contained in Form II in the cited documents indicating that signed copies of documents relating to an inmate's request for final disposition should be sent to the prosecuting official who sought the detainer and the court having jurisdiction over the pending charge. ECF No. 6, at 4; *see* Md. Code, Corr. Servs., § 8-405, Art. III(b) (specifying that the warden or correctional official who receives an inmate's written notice and request for final disposition, "shall promptly forward it together with the certificate [with information about the sentence currently being served] to the appropriate prosecuting official and court by registered or certified mail, return receipt requested"); Va. Code § 53.1-210, Art. III(b) (same).

5

receipts for items sent to the Henrico County Circuit Court, the Commonwealth Attorney's Office, and the Chief Magistrate of Henrico County, none of these receipts contains numbers matching those listed on the detainer forms discussed above. *Compare* ECF No. 6, at 2–8 *with* ECF No. 1, at 27–56.

## II.   ANALYSIS

### A.   Section 2241 provides a vehicle for Santos to seek relief from the effects of a detainer.

On August 1, 2023, Santos petitioned the Court seeking issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Santos' petition identifies four claims:

> (1) violation of the Interstate Agreement on Detainers Act ["IAD"] [;]
> (2) failure to extradite [him] and try case within 180 days[;]
> (3) 6th Amendment violation. Right to speedy trial[; and]
> (4) [d]enial of [r]ights under color of state law. [18 U.S.C. §§] 241 & 242.

*Id.* at 1. Santos argues that, after learning of the detainer lodged by the Commonwealth of Virginia, he properly gave notice of his desire to address the charges in Henrico County and to waive extradition from Maryland to Virginia. *Id.* at 2. He also asserts that copies of the notice were sent by certified mail to the Commonwealth Attorney's Office and Henrico County Circuit Court.[10] *Id.* at 2–3. Santos argues that the IAD required that Henrico County try him on the pending charges within 180 days of receipt of that notice. *Id.* at 1–4; *see* Va. Code § 53.1-210, Art. III(a). Because this failed to occur, Santos contends the Commonwealth violated his Sixth Amendment right to a speedy trial, his rights under federal law, including the IAD, and seeks, pursuant to the IAD, dismissal with prejudice of the pending Henrico County charges. ECF No. 1, at 1, 3, 6–7 (seeking also that the detainer and warrants lodged with Maryland be vacated and an injunction to prevent the Commonwealth from inflicting further harm upon him); *see* Va. Code § 53.1-210, Art. V(c).

---

[10] Assuming this did occur, it is unclear what documents were actually sent and by whom.

6

Section 2241 of Title 28, United States Code, authorizes federal courts to issue a writ of habeas corpus to any prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a prior case somewhat like this one, the Supreme Court ruled that a petitioner serving a sentence in an Alabama prison was "in custody" for purposes of section 2241(c)(3) when seeking an order for an immediate trial in Kentucky on a three-year-old indictment and that the federal district court in Kentucky possessed jurisdiction to address petitioner's speedy trial claim, despite his presence in Alabama. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488–89, 495, 500 (1973); *see id.* 410 U.S. at 489 n.4 (stating "the Alabama warden acts here as the agent of the Commonwealth of Kentucky in holding the petitioner pursuant to the Kentucky detainer"); *see, e.g., Gibbs v. Daisy*, No. 1:06cv108, 2007 WL 2694491, at *2–3 (M.D.N.C. Sept. 11, 2007) (rejecting claim as improper under section 2254, but viable under section 2241, which would permit a federal prisoner incarcerated in Kentucky to seek relief in a federal court in North Carolina, from a detainer related to state charges in North Carolina). Accordingly, Santos properly petitions the Court pursuant to section 2241. *See Jordan v. Beale*, No. 2:14cv614 (E.D. Va. Dec. 8, 2015) (classifying a challenge to a detainer as one "to the <u>execution</u> of [a prisoner's] sentence because he seeks to change the manner in which his sentence is implemented, rather than challenge the imposition of the sentence as a whole"), *report & recommendation adopted*, No. 2:14cv614 (E.D. Va. Jan. 20, 2016).

**B.   Santos' failure to exhaust state court remedies requires dismissal of his petition.**

Despite having selected the proper vehicle for relief, Santos still must exhaust state remedies, *see Braden*, 410 U.S. at 488–92, as well as the remedies provided by the IAD, *see, e.g., White-Bey v. Roanoke City Circuit Court*, No. 7:06CV38, 2006 WL 482471, at *2 (W.D. Va. Feb. 25, 2006). *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (requiring that state courts be

7

given a full opportunity to address claims before seeking federal habeas relief); *Moore v. DeYoung*, 515 F.2d 437, 442–43 (3d Cir. 1975) (noting exhaustion requirement for section 2241 petition); *see also Coleman v. Hopewell Gen. Dist. Ct.*, No. 3:20cv747, 2022 WL 287927, at *2 (E.D. Va. Jan. 31, 2022) (dismissing section 2241 petition seeking relief pursuant to the IAD for failure to exhaust state remedies); *cf. Gilstrap v. Godwin*, 517 F.2d 52, 53 (4th Cir. 1975) (affirming dismissal of section 2254 petition brought by prisoner serving sentence in Georgia and subject to Virginia detainer, and alleging denial of speedy trial rights, for failure to exhaust state remedies).

Respondent argues that Santos is not entitled to the relief sought on various grounds, including due to his failure to exhaust state court remedies, ECF No. 17, at 3–5; ECF No. 22, at 8–10.[11] Santos argues otherwise contending that he attempted to do so and that any such effort is futile. Santos argues that he filed a petition for a writ of habeas corpus with the Henrico County Circuit Court, which never addressed it. ECF No. 20, at 1–2; ECF No. 23, at 5–6. Respondent

---

[11] No need exists to discuss respondent's other arguments now. The Court notes, however, that the parties' filings have mostly not addressed the issues below, among others: (**a**) whether Santos' claims for relief pursuant to the IAD are cognizable on federal habeas review; *see Pethtel v. Ballard*, 617 F.3d 299, 303–06 (4th Cir. 2010); *Kerr v. Finkbeiner*, 757 F.2d 604, 607 (4th Cir. 1985); (**b**) whether the IAD's procedures were triggered by the Commonwealth's September 3, 2021 filing of a detainer based on four arrest warrants, ECF No. 22-1, at 2–6, rather than an indictment, information, or complaint; see Va. Code § 53.1-210, Art. III(a); *Locklear v. Commonwealth*, 376 S.E.2d 793, 795–96 (Va. Ct. App. 1989); *Owens v. Virginia*, No. 1:15cv1580, 2016 WL 2621957, at *2 (E.D. Va. May 5, 2016); (**c**) whether the Commonwealth lodged another detainer against Santos following his May 16, 2022 indictment in Henrico County; (**d**) whether, as argued by the Commonwealth, the fact that Santos faced other charges in Maryland while also serving an eight-year sentence there warranted treating him as a pretrial detainee outside the scope of the IAD until the Prince George's County charges were disposed of; *see United States v. Roy*, 771 F.2d 54, 57–58 (2d Cir. 1985); *State v. Pair*, 5 A.3d 1090, 1097–98 (Md. Ct. App. 2010); (**e**) whether, after receiving Santos' notice that he wanted to be tried in Virginia, the Maryland warden properly notified both the prosecuting office and court in Virginia about Santos' request and triggered the IAD's 180-day speedy trial clock; see Va. Code § 53.1-210, Article III(a), (b); *Eckard v. Commonwealth*, 460 S.E.2d 242, 245–47 (Va. Ct. App. 1995); *cf. Saxby v. F.B.I.*, 3 F. App'x 60, 61–62 (4th Cir. 2001); and (**f**) whether Santos was "unable to stand trial" while the charge in Prince George's County remained pending, thereby tolling the IAD's 180-day speedy trial clock; see Va. Code § 53.1-210, Art. VI(a); *State v. Pair*, 5 A.3d at 1099–1101.

argues, however, that Santos' circuit court filing is the same or much like his later filed federal habeas petition and bore the heading of, and sought relief from, the "United States District Court," instead of relief from the circuit court. ECF No. 22, at 9 n.4. These contentions are only partly correct.

Although Santos' circuit court filing bears the heading of the "United States District Court," and then recites "cover sheet: writ of habeas corpus 28 USC 2241," beneath that heading, the style of the caption is "Ex Parte: Erick Javier Santos Bey ex rel ERICK ANTHONY SANTOS . . . v. (Respondent) The Commonwealth of Virginia." ECF No. 22-1, at 62. Further, in the "relief and remedy sought" portion of the filing, Santos "demand[s] that the [H]enrico County Circuit Court dismiss all charges against [him]." *Id.* at 69.

It does not appear that the circuit court ever acted on Santos' filing. Neither that inaction nor the similarity of Santos' filings in state and federal courts, however, is of any consequence. To exhaust state court remedies, Santos must first present the four claims in his federal habeas petition to the Supreme Court of Virginia. *See Gilstrap*, 517 F.2d at 53 (holding that petitioner, who unsuccessfully moved to dismiss indictment on speedy trial grounds in circuit court and then filed for federal habeas relief, had to seek review from Supreme Court of Virginia or show that such review "is unavailable or ineffective to protect his rights"); *Coleman*, 2022 WL 287927, at *2 (finding failure to exhaust and dismissing section 2241 petition because "[p]etitioner can file a petition for a writ of habeas corpus with the Supreme Court of Virginia seeking relief under the IAD"); *see White-Bey*, 2006 WL 482471, at *2 (rejecting assertion that petitioner's mailing of a "'motion for lack of speedy trial'" to circuit court satisfied the requirement to exhaust state

remedies). Nothing in the record reveals that the Supreme Court of Virginia has considered the claims identified in Santos' federal habeas petition.[12]

Santos also argues that, without a ruling from the Henrico County Circuit Court, he cannot seek appellate relief from either the Court of Appeals or the Supreme Court of Virginia. *See, e.g.*, ECF No. 20, at 1–2; *see also* ECF No. 7, at 1–2 (asserting that there is "an absence of available corrective process in the state courts" and "Virginia doesn't have a process that is effective"). Santos possesses, however, another option for presenting his claims to the Supreme Court of Virginia. *See Brown v. Keohane*, 475 F. Supp. 943, 944 (E.D. Va. 1979) (dismissing for failure to exhaust petitioner's IAD claim and noting that, although "there is no order from which to appeal to the Virginia Supreme Court, the petitioner could certainly apply to that Court for habeas review"). Santos' argument about futility ignores the fact that the Code of Virginia § 8.01-654(A)(1) permits him to file a state habeas petition directly with the Supreme Court of Virginia. *See Gilstrap*, 517 F.2d at 53; *Coleman*, 2022 WL 287927, at *2. Accordingly, Santos retains the ability to present his claims to the Supreme Court of Virginia and he must exhaust that remedy before seeking 2241 relief in federal court.[13]

### III.   RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that respondent's motion to dismiss, ECF No. 16, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

---

[12] For these same reasons, the Court rejects Santos' claim that he tried to seek relief from the Court of Appeals of Virginia but was rebuffed in a letter stating that the court lacked jurisdiction due to his incarceration in Maryland. ECF No. 7, at 1.

[13] The Court also rejects Santos' related argument that, as diversity jurisdiction allegedly exists only in federal court, access to the state courts is unavailable. ECF No. 7, at 1.

Because Santos has failed to exhaust state remedies, the undersigned also recommends that his motion for declaratory judgment, ECF No. 10, and request for entry of default against Carlos D. Bivens, Warden of Roxbury Correctional Institution in Hagerstown, Maryland, ECF No. 19, be **DENIED** as moot.[15] Because both these filings ultimately seek relief on the charges Santos faces in Henrico County, it is not appropriate to address them before he exhausts state court remedies.

## IV.   REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.    Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.    A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

---

[15] In an abundance of caution, the undersigned previously directed that Warden Bivens be added as a respondent, even though he was not named as such in Santos' habeas corpus petition. *See* ECF No. 8, at 1; ECF No. 12, at 1. As Warden Bivens "acts . . . as the 'agent'" of the Commonwealth in holding Santos pursuant to the detainer, *see Braden*, 410 U.S. at 489 n.4, his presence in this case is not necessary because the Court possesses jurisdiction over Santos' custodian, the Commonwealth, *see id.* at 495, 498–99, which acknowledged receipt of service of process, ECF No. 14.

11

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

                                                                                             /s/
                                                         _____
                                                                      Robert J. Krask
                                                            United States Magistrate Judge

Norfolk, Virginia
August 20, 2024

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

Erick Anthony Santos, #3717228
RCI Unit 4D-7a
18701 Roxbury Road
Hagerstown, MD 21746

By    /s/ V. Pearson
        Deputy Clerk

     August 20   , 2024